# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of**<br>**Douglas R. Miller**<br>**United States Magistrate Judge** | **101 West Lombard Street**<br>**Baltimore, Maryland 21201**<br>**MDD_DRMChambers@mdd.uscourts.gov**<br>**(410) 962-7770** |

March 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *James K. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0245-DRM

Dear Counsel:

On January 27, 2025, Plaintiff James K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 9, 11. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits on September 22, 2020, alleging an amended disability onset of January 1, 2018. Tr. 258-259. Plaintiff's claims were denied initially and on reconsideration. Tr. 191-197. On August 9, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46-85. Following the hearing, on December 12, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 22-45. Plaintiff filed an appeal with the Appeals Council on February 9, 2023. The Appeals Council remanded Plaintiff's case to the ALJ for a new hearing. Tr. 166-171. Following the hearing, on December 12, 2022, the ALJ determined once again that Plaintiff was not disabled. Tr. 14-38. This time, the Appeals Council denied Plaintiff's request for

---

[1] Plaintiff filed this case against Michelle King, the Acting Commissioner of Social Security on January 27, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*James K. v. Frank Bisignano*
Civil No. 25-0245-DRM
March 9, 2026
Page 2

review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.      THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 1, 2018, the alleged onset date." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "spine disorder, cervical stenosis, status post cervical fusion (2014) and discectomy with intervertebral arthrodesis, biomechanical devices and cervical instrumentation, mild carpal tunnel syndrome, chronic pain, lumbar spondylosis, radiculopathy, and obesity." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he could occasionally climb ramps or stairs. He could not climb ladders, ropes or scaffolds. He could occasionally balance, stoop, kneel, crouch or crawl. He could have no more than occasional exposure to extreme temperatures, to vibration, or to hazards. He could frequently handle and finger with the bilateral upper extremities. He required the ability to sit or stand while performing the job and to change positions as needed up to 2 times per hour while on task.

Tr. 24. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy such as cashier, linen grader, and marker. Tr. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 31.

## III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The

*James K. v. Frank Bisignano*
Civil No. 25-0245-DRM
March 9, 2026
Page 3

findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ erred by failing to reconcile the RFC with the opinion of state-agency psychological consultant D. Shapiro, Ph.D. ECF No. 9-1 at 6. Although the ALJ found Dr. Shapiro's opinion persuasive, Plaintiff contends that the ALJ failed to incorporate the consultant's findings of moderate limitations in attendance, completing a normal workday, and maintaining pace, or explain why those limitations were rejected. *Id.* at 8. Plaintiff further argues that the ALJ improperly concluded that his mental impairments, such as bipolar disorder, PTSD, and anxiety, were non-severe despite evidence of significant symptoms and limitations. *Id.* at 10.

In response, the Commissioner contends that the ALJ reasonably found Plaintiff's mental impairments non-severe and that substantial evidence supports the RFC. ECF No. 11 at 5. The Commissioner argues that the ALJ appropriately relied on normal mental status examinations, improvement with treatment, and Plaintiff's reported daily activities to conclude that his mental impairments caused only mild limitations. *Id.* The Commissioner further asserts that the ALJ adequately considered Dr. Shapiro's opinion and reasonably declined to include additional mental limitations because the record did not support them. *Id.* at 12.

"Calculating a claimant's RFC is the Commissioner's responsibility and prerogative, so long as it accurately reflects the record evidence." *Turner v. Comm'r of Soc. Sec.*, No. 23-1760, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024) (citing 20 C.F.R. §§ 404.1546(c)). "Moreover, ALJs are not required to accept all components of a witness' discussion about a claimant's limitations just because the ALJ finds them to be generally persuasive." *Id.* (citing *Thomas*, 916 F.3d at 312 (reiterating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision") (citation omitted)). Indeed, the ALJ is not required to adopt all limitations suggested by a medical source, even though they found that medical source's opinions persuasive. *See Turner*, 2024 WL 2764722 at *5; *Hall v. Comm'r of Soc. Sec.*, No. 1:23-CV-1496 (RDA/WEF), 2025 WL 457820, at *4 (E.D. Va. Feb. 11, 2025) (holding that an ALJ may find a medical opinion persuasive yet reasonably decline to adopt every limitation where the record evidence supports a less restrictive RFC); *Boulden v. O'Malley*, No. 24-1414, 2025 WL 48337, at *5 (4th Cir. Jan. 8, 2025) (explaining that an ALJ is not required to incorporate each limitation from a medical opinion into the RFC so long as the ALJ explains why certain limitations are unsupported by the record). *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at

*James K. v. Frank Bisignano*
Civil No. 25-0245-DRM
March 9, 2026
Page 4

*7 ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.")

In the instant case, the ALJ stated the following regarding Dr. Shapiro's medical opinion:

> I am persuaded by the mental assessment from D. Shapiro, Ph.D., a State agency reconsideration level psychological consultant. The opinion is persuasive from the alleged onset date through the date last insured. It is supported because this consultant is familiar with the disability program, reviewed the record, relied upon relevant evidence, and provided an explanation to support his or her findings. The mild limitations in understanding, remembering, or applying information and interacting with others are consistent with the record for the reasons set forth above at Step 3 of the sequential evaluation process. I find the claimant is not more limited in concentration, persistence, and maintaining pace because the claimant has averred, he can pay attention for a normal amount of time and he said he finishes what he starts about 80% of the time. He denied problems following written or spoken instructions. The treatment records do not indicate he had significant difficulties in concentration and he scored 29/30 on the two mini mental status examinations with Dr. Taller. I find the claimant is not more limited in adapting/managing himself primarily due to his activities of daily living. He does the food shopping at home. He does some cooking. He loads the dishwasher and sweeps and does 40% of the household chores. (Hearing Testimony). He took care of his ailing father. He takes care of his dog. He denied problems with his personal care in his function report. He can cook meals and perform household chores, including mowing the grass. He can drive a car. With regard to changes in routine, he said he handles them "fine, just takes time to relearn." He described himself as calm under pressure.

Tr. 27 (record citations omitted.)

The ALJ found Dr. Shapiro's opinion persuasive, explaining that his assessment was based on a review of the record, familiarity with the disability program, and evidence spanning the alleged onset date through the date last insured. Tr. 27, 137–38. Consistent with Dr. Shapiro's opinion, the ALJ determined that Plaintiff had mild limitations in the four broad areas of mental functioning. In support, the ALJ cited Plaintiff's educational history, intact memory and concentration during consultative examinations, generally normal mental status findings, and his ability to perform activities of daily living such as cooking, cleaning, shopping, driving, managing money, and caring for family members and a pet. The ALJ further explained that the record did not support the moderate limitations assessed by Dr. Shapiro in certain functional areas, including the ability to maintain a schedule, complete a normal workday, and travel in unfamiliar places. Tr. 27. Relying on Plaintiff's reported ability to pay attention for a normal period, complete most tasks he starts, follow written and spoken instructions, and maintain largely normal mental status findings, the ALJ concluded that a more restrictive RFC was not supported by the record and

*James K. v. Frank Bisignano*
Civil No. 25-0245-DRM
March 9, 2026
Page 5

therefore adopted only the limitations consistent with the overall evidence. *Id.* The Court finds that substantial evidence supports this conclusion, and that the ALJ sufficiently explained the differences between Dr. Shapiro's opinion and the RFC, as was required by SSR 96-8p. Therefore, remand on this issue is not warranted.

Next, the Court considers Plaintiff's argument regarding the ALJ's determination that Plaintiff's impairments bipolar disorder, PTSD, and anxiety, were non-severe. The Court finds that the ALJ met the regulatory requirement to consider Plaintiff's impairments, assess severity, and support his determination with evidence in the record. At step two, Plaintiff must demonstrate that he has an impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); *Bowers v. Colvin*, 628 F. App'x 169, 171 (4th Cir. 2015) (stating "[Plaintiff] bears the burden of production and proof to show that he suffers from a severe medically determinable impairment"). An impairment is considered "severe" if it significantly limits Plaintiff's ability to work. 20 C.F.R. §§ 404.1522(a); SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). Therefore, this step is not "satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). "[W]hen assessing the severity of whatever impairments an individual may have, [the ALJ] must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone." *Id.* Conversely, if an impairment is "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)," it is not considered to be severe. *Id. See also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (cleaned up); *accord Triplett v. Saul*, 860 F. App'x 855, 858 (4th Cir. 2021); *Crystal S. v. Kijakazi*, No. MJM-20-3717, 2022 WL 4539717, at *3 (D. Md. Sept. 28, 2022).

However, an ALJ's failure to consider whether an impairment constitutes a severe impairment at step two is not automatically a reversible error. Step two is a threshold determination of whether claimants have a severe impairment (or combination of impairments) that meets the twelve-month duration requirement and significantly limits their ability to do basic work activities. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the ALJ finds no severe impairments, the claimant is not disabled, and the analysis does not proceed to the other steps. *Id.* However, if a claimant does have a severe impairment or combination of impairments, the ALJ must consider the effects of both the severe and non-severe impairments at the subsequent steps of the process, including the determination of RFC. *See* 20 C.F.R. § 404.1523; SSR 96-8p, 1996 WL 374184, at * 5. Indeed, courts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment at step two may be harmless error if the ALJ determined that a claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps. *See Baker v. Astrue*, No. SAG-10-1045, 2012 WL

*James K. v. Frank Bisignano*
Civil No. 25-0245-DRM
March 9, 2026
Page 6

12751, at *3 (D. Md. Jan. 3, 2012) (citing *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009)); *see also Thomas v. Comm'r. Soc. Sec. Admin.*, Civ. No. SAG-11-3587, 2013 WL 210626, at *2 (D. Md. Jan. 17, 2013) (finding harmless error where ALJ continued with sequential evaluation process and considered both severe and non-severe impairments); *Spitzbarth v. Comm'r, Soc. Sec. Admin.*, No. ADC-17-2934, 2018 WL 4705784, at *10 (D. Md. Sept. 28, 2018) (holding an ALJ's failure to find a low IQ score to be a severe impairment was harmless error where the ALJ explained her reasoning for finding it to be a "non-severe impairment" and still proceeded to discuss and consider the low IQ at steps three and four of her analysis).

Here, the ALJ determined at step two that Plaintiff had "severe" impairments of spine disorder, cervical stenosis, status post cervical fusion and discectomy with intervertebral arthrodesis, biomechanical devices and cervical instrumentation, mild carpal tunnel syndrome, chronic pain, lumbar spondylosis, radiculopathy, and obesity. Tr. 20. The ALJ also concluded that bipolar disorder, generalized anxiety disorder, and PTSD were non-severe impairments. Tr. 21. Although the ALJ did not find Plaintiff's bipolar disorder, generalized anxiety disorder, and PTSD to be severe impairments, in step three the ALJ went on to affirm that he "considered all of [Plaintiff's] medically determinable impairments including those that are not severe, when assessing [Plaintiff's] residual functional capacity." Tr. 23. Accordingly, any error the ALJ may have committed at step two concerning assessing the severity of Plaintiff's bipolar disorder, generalized anxiety disorder, and PTSD was not prejudicial as the ALJ discussed it in the following steps. *Brooks v. Comm'r, Soc. Sec. Admin.*, No. ADC-17-3745, 2018 WL 4922347, at *6 (D. Md. Oct. 10, 2018) (finding an ALJ's affirmation that he had assessed "all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all [plaintiff's] medically determinable impairments" sufficient to show the ALJ had considered non-severe impairments at later stages in the sequential evaluation process). As such, remand is not warranted.

V. **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge